Daniel E. Gustafson (Appearing *Pro Hac Vice*)
Amanda M. Williams (Appearing *Pro Hac Vice*)
Dennis J. Stewart, CA Bar No. 99152
David A. Goodwin (Appearing *Pro Hac Vice*)
Abou B. Amara, Jr. (Appearing *Pro Hac Vice*)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgustafson@gustafsongluek.com
dstewart@gustafsongluek.com
dgoodwin@gustafsongluek.com
awilliams@gustafsongluek.com
aamara@gustafsongluek.com

Attorneys for Plaintiffs and Others Similarly Situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELRETHA PERKINS and LARONICA JOHNSON**, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        vs.<br><br>**WELLS FARGO, N.A.**, a Delaware Corporation; **WELLS FARGO HOME MORTGAGE, INC.**, a Delaware Corporation,<br><br>        Defendants. | Case No. 3:22-cv-03455-JD<br><br>**PLAINTIFFS' RESPONSE IN SUPPORT OF DEFENDANT'S MOTION TO CONSOLIDATE**<br><br>Date:      November 10, 2022<br>Time:     10:00 a.m.<br>Location:  Courtroom 11<br>           Phillip Burton Federal Building<br>           & United States Courthouse<br>           450 Golden Gate Avenue<br>           San Fransisco, CA 94102 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

**I.   RELEVANT FACTUAL BACKGROUND** ........................................................... **4**

   A.   The Williams Case ........................................................................................ 4

   B.   The Braxton Case ......................................................................................... 5

   C.   The Pope Case .............................................................................................. 6

   D.   The Thomas Case .......................................................................................... 6

   E.   The Ebo Case ................................................................................................ 7

   F.   The Perkins Case .......................................................................................... 7

**II.   LEGAL ANALYSIS** ..................................................................................... **8**

   A.   These Parallel Cases Against Wells Fargo Should Be Consolidated. ................................ 8

     1.   These Parallel Cases Share Many Common Questions of Fact and and Law…………...9

     2.   Saving of Time and Effort Also Weigh In Favor of Consolidation ............................. 11

   B.   This Court Should Order Plaintiffs to File a Master Consolidated Pleading.................... 12

**III. CONCLUSION** ................................................................................................ **12**

1

## <u>TABLE OF AUTHORITIES</u>

2

*Amador v. Logistics Express, Inc.*,
3    2010 WL 3489038 (C.D. Cal. Aug. 27, 2010) …………………..…………………9

4  *BizCloud, Inc. v. Comput. Scis. Corp.*,
5    2014 WL 1724762 (N.D. Cal. Apr. 29, 2014)…...………………………………..9

6  *Brown v. Accellion, Inc.*,
    2022 WL 767279 (N.D. Cal. Mar. 14, 2022)…………………………………….12
7
*Diaz v. First American Home Buyers Protection Company*,
8    2014 WL 12696519 (S.D. Cal. Sept. 25, 2014)…….…...………………………10

9  *Huynh v. Quora, Inc.*,
10    2019 WL 11502874 (N.D. Cal. Apr. 11, 2019)…………………………………13

11  *Imran v. Vital Pharms., Inc.*,
12    2019 WL 12340204 (N.D. Cal. Oct. 17, 2019)…………………………………13

13  *In re Wells Fargo & Company Shareholder Derivative Litigation*,
    2017 WL 130282 (N.D. Cal. Jan. 12, 2017) …………………………………….9
14
*In re Equity Funding Corp. of America Securities Litigation*,
15    416 F.Supp. 161 (C.D. Cal. 1976)………………………………………………10
16
*Medlock v. Taco Bell Corp.*,
17    2009 WL 1444343 (E.D. Cal. May 19, 2009)……………………………………9

18  *Melgoza v. Aegis Senior Communities LLC*,
19    2022 WL 1693706 (N.D. Cal. May 26, 2022)…………………………………..9, 12

20  *Perez-Funez v. District Director, I.N.S.*,
21    611 F.Supp. 990 (C.D. Cal. 1984) ………………………………………………9

22  *Rodriguez v. Hayes*,
23    591 F.3d 1105 (9th Cir. 2010)…….……………………………………………11

24  **Other Authorities**

25  Fed. R. Civ. P. 23(c)(5)………………………………………………………………11

26  Fed R. Civ. P. 42(a)…………………………………………………………………9

27  Manual for Complex Litigation § 21.15 (4th ed.)………………………………..13
28

## INTRODUCTION

Plaintiffs in six separate putative class action cases ("parallel cases") allege that Defendant Wells Fargo ("Wells Fargo") discriminated against home loan seekers based on their protected racial status.  *See Williams v. Wells Fargo Bank, N.A., et al.*, No. 3:22-cv-00990-JD (filed Feb. 17, 2022) ("Williams"); *Braxton v. Wells Fargo Bank, N.A., et al.*, No. 3:22-cv-01748-JD (filed Mar. 18, 2022) ("Braxton"); *Pope v. Wells Fargo Bank, N.A. et al.*, No. 4:22-cv-01793-JD (filed Mar. 21, 2022) ("Pope"); *Thomas et al. v. Wells Fargo Bank, N.A. et al.*, No. 3:22-cv-01931-CRB (filed Mar. 26, 2022) ("Thomas"); *Ebo v. Wells Fargo Bank, N.A.*, No. 3:22- cv-02535-JD (filed Apr. 26, 2022) ("Ebo"); and *Perkins v. Wells Fargo Bank, N.A., et al.*, No. 3:22-cv-3455-JD (filed June 10, 2022) ("Perkins").

Pursuant to Rule 42 of the Federal Rules of Civil Procedure, the Perkins Plaintiffs respectfully request that this Court consolidate the parallel cases because they are, at their core, rooted in common questions of fact and law, including, whether Plaintiffs can establish they were the victims of Wells Fargo's intentional discrimination (disparate treatment) or were discriminated against based on a facially neutral policy that resulted in discrimination (disparate impact), and if said Plaintiffs can show that Wells Fargo's conduct violates federal and/or California state law. Furthermore, consolidation would save time and effort, and would not cause any inconvenience, delay, or expense.

## I.  RELEVANT FACTUAL BACKGROUND

### A.  *The Williams Case*

On February 17, 2022, Plaintiff Christopher Williams filed a putative class action against Defendant Wells Fargo Bank, N.A. and Wells Fargo & Company.  Plaintiff Williams alleges that Wells Fargo discriminated against him on the basis of race when he applied for a home mortgage loan, and that Wells Fargo's home mortgage origination and underwriting practices intentionally

1  and disproportionately discriminate against racially protected status home loan applicants.

2  Declaration of Amanda M. Williams ("AMW Decl."), Ex. B, ¶¶ 6–18.

3         Plaintiff Williams alleges Wells Fargo's conduct violates (i) the Equal Credit Opportunity

4  Act, 15 U.S.C. § 1691 et seq. ("ECOA"); (ii) 42 U.S.C. § 1981 ("Section 1981"); (iii) 42 U.S.C. §

5  1982 ("Section 1982"); and (iv) the Fair Housing Act of 1968, 42 U.S.C. § 3601 et seq. ("FHA").

6  AMW Decl., Ex. C, ¶¶ 52–74.  Plaintiff Williams seeks to represent a putative class "a class of

7  Black and/or African American applicants or borrowers who applied for, received, or maintained

8  credit from Defendants related to residential real estate and who were subjected to discrimination

9

10 by Defendants due to their race." *Id.*, ¶ 44.  Plaintiff Williams also seeks declaratory and injunctive

11 relief, compensatory damages, punitive damages, prejudgment interest, costs, and attorneys' fees.

12 *Id.*, Prayer for Relief.  Two months later, on April 14, 2022, Plaintiff Williams filed an amended

13 complaint.  *See* Ex. C.

14
15    **B.   *The Braxton Case***

16         On March 18, 2022, Plaintiff Aaron Braxton filed the second putative class action lawsuit

17 against Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage, Inc., alleging that Wells Fargo

18 discriminated against him on the basis of race when he applied to refinance his mortgage loan,

19 and that Wells Fargo's residential mortgage policies and practices discriminate against African

20 American applicants.  AMW Decl., Ex. D, ¶¶ 23–50.  Plaintiff Braxton alleges that Wells Fargo's

21 actions violated the ECOA, Section 1981, the FHA, the California Unruh Civil Rights Act

22 ("Unruh"), and the California Unfair Competition Law ("UCL").  AMW Decl., Ex. E, ¶¶ 166–

23 198.  Plaintiff Braxton seeks injunctive relief, compensatory damages, punitive damages,

24 prejudgment interest, costs, and attorneys' fees, and defines the putative class he would like to

25 represent as Black homeowners who submitted an application to refinance their home mortgage

26 through Wells Fargo that were "(i) processed at a rate slower than that of the average processing

27

28

time of applications made by non-Black applicants; or (ii) whose applications were denied; or (iii) whose resulting refinance loans were made at higher interest rates as compared to similarly situated non-Black applicants.  Excluded from the Class are Defendants and their employees, affiliates, parents, subsidiaries, and co-conspirators, whether or not named in this Complaint, and the United States government."  *Id.*, ¶¶ 146 and Prayer for Relief.  One month later, on April 19, 2022, Plaintiff Braxton filed an amended complaint that added additional plaintiffs.  *See* AMW Decl., Ex. E.

**C.  _The Pope Case_**

On March 21, 2022, Plaintiff Alfred Pope filed a putative class action against Wells Fargo, similarly alleging discriminatory practices in the bank's denial of his refinance application.  AMW Decl., Ex. F, ¶ 12–40.  Plaintiff Pope alleges that Wells Fargo's conduct violated the ECOA, the FHA, and the UCL.  *Id.*, 41–66.  Plaintiff Pope also seeks injunctive relief, compensatory and punitive damages, prejudgment interest, costs, and attorney's fees.  *Id.*, Prayer for Relief.  Plaintiff Pope defines the putative class he seeks to represent as "all first and second lien Wells Fargo minority mortgage refinance applicants from 2019-present (the "Class Period") whose refinancing applications were discriminatorily denied (the "Class").  Excluded from the Class are Defendants, their subsidiaries, affiliates, officers, directors, and employees."  *Id.*, ¶¶ 31–32.

**D.  _The Thomas Case_**

On March 26, 2022, Plaintiffs Winfred Thomas and Michelle Sims ("Thomas Plaintiffs") filed a putative class action complaint against Wells Fargo, alleging that the financial institution discriminated in their refinance applications based on race.  AMW Decl., Ex. G., ¶¶ 16–34.  The Thomas Plaintiffs allege that Wells Fargo's discriminatory conduct violated the ECOA, the FHA, and the UCL.  *Id.*, 45–68.  The Thomas Plaintiffs also seek injunctive relief, compensatory and punitive damages, prejudgment interest, costs, and attorney's fees.  *Id.*, Prayer for Relief.  Like

1   Plaintiff Pope, the Thomas Plaintiffs define the class they seek to represent as "all first and second

2   lien Wells Fargo minority mortgage refinance applicants from 2019-present (the "Class Period")

3   whose refinancing applications were discriminatorily denied (the "Class"). Excluded from the

4   Class are Defendants, their subsidiaries, affiliates, officers, directors, and employees." *Id.*, ¶¶ 35–

5   36.

6

7       **E.   _The Ebo Case_**

8           On April 26, 2022, Ifeoma Ebo filed a putative class action complaint against Wells

9   Fargo. AMW Decl., Ex. H. Plaintiff Ebo alleges that Wells Fargo discriminated against her on

10  the basis of race when she applied for a home mortgage loan, and that its home mortgage

11  origination and underwriting practices intentionally and disproportionately discriminate against

12  African American home loan applicants. *Id.*, ¶¶ 13–49. Based on those allegations, Plaintiff Ebo

13  brings claims under the ECOA, Section 1981, and the FHA. *Id.*, ¶¶ 55–84. Plaintiff Ebo seeks to

14  represent "All Black Americans (1) who submitted applications to obtain or refinance a mortgage

15  loan with respect to residential real property, (2) who were qualified to receive mortgage loans

16  from Wells Fargo, and (3) whose applications were either (a) denied by Wells Fargo, (b) never

17  completed, due to Wells Fargo's demands for documentation or information that would not have

18  been imposed by Wells Fargo in connection with a similarly situated White applicant, or (c)

19  granted by Wells Fargo, but on less favorable terms than a similarly situated White borrower would

20  have received." *Id.*, ¶ 50. Plaintiff Ebo also seeks compensatory damages, punitive damages,

21  statutory damages, prejudgment interest, costs, and attorneys' fees. *Id.*, Prayer for Relief.

22      **F.   _The Perkins Case_**

23          On June 10, 2022, Elretha Perkins and Laronica Johnson ("Perkins Plaintiffs") filed a

24  putative class action against Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage, Inc.,

25  alleging that Wells Fargo discriminated against them on the basis of race when they sought to

26

27

28

refine their home mortgage loans, and that Wells Fargo's home mortgage origination and underwriting practices intentionally and disproportionately discriminate against African American and minority home loan applicants.   ECF No. 1; AMW Decl. Ex. A, 34–55.   Based on those allegations, the Perkins Plaintiffs bring claims under (1) the ECOA; (2) the FHA; (3) Section 1981; (4) and the UCL.  *Id.*, ¶¶ 66–102.

The Perkins Plaintiffs seek to represent a proposed class of "[a]ll Black persons, as well as other racial minorities" that "submitted, or attempted to submit, an application to finance or refinance their home mortgage through the Defendants that was (i) processed at a rate slower than that of the average processing time of applications made by non-Black or other nonracial minority applicants; or (ii) whose application was denied; or (iii) whose resulting refinanced loans were made at higher interest rates as compared to similarly situated non-Black applicants." *Id.*, ¶ 56. Like the Plaintiffs in the other parallel cases, the Perkins Plaintiffs seek injunctive relief, compensatory damages, punitive damages, prejudgment interest, costs, and attorneys' fees.  *Id.*, Prayer for Relief.

## II.  LEGAL ANALYSIS

### A.  <u>These Parallel Cases Against Wells Fargo Should Be Consolidated</u>.

Under Rule 42 of the Federal Rules of Civil Procedure, the threshold determination of whether a district court should consolidate multiple actions is whether said actions involve "*a common question of law or fact.*"  Fed. R. Civ. P. 42(a); *see, e.g., In re Wells Fargo & Company Shareholder Derivative Litigation*, 2017 WL 130282, at *1 (N.D. Cal. Jan. 12, 2017) (emphasis added).  By the Rule's plain language, a court need only determine that the multiple actions in question share *merely one* common question of fact or law in order to consolidate.  *Medlock v. Taco Bell Corp.*, 2009 WL 1444343, at *1 (E.D. Cal.  May 19, 2009) ("Once a common question has been established, consolidation is within the broad discretion of the district court." (internal

quotations omitted)).  Because consolidation only requires one common question of law or fact, district courts may "consolidate two actions even if there is not a strict identity of claims or parties."  *Amador v. Logistics Express, Inc.*, 2010 WL 3489038, *1 (C.D. Cal. Aug. 27, 2010) (citations omitted).  When multiple actions involve at least one common question of law or fact, and are thus appropriate to be merged, "consolidation is favored."  *See Perez-Funez v. District Director, I.N.S.*, 611 F.Supp. 990, 994 (C.D. Cal. 1984) (noting that consolidation is "typically . . . favored" when multiple actions involve common question of law or fact).

When determining whether consolidation is proper, a district court should also consider "the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause."  *Melgoza v. Aegis Senior Communities LLC*, 2022 WL 1693706, at *2 (N.D. Cal. May 26, 2022) (quoting  *BizCloud, Inc. v. Comput. Scis. Corp.*, 2014 WL 1724762, at *2 (N.D. Cal. Apr. 29, 2014)).  "Consolidation . . . facilitates discovery, conserves judicial resources, and reduces the confusion and delay that result from prosecuting related class action cases separately."  *Diaz v. First American Home Buyers Protection Company*, 2014 WL 12696519, at *2 (S.D. Cal. Sept. 25, 2014) (citing *In re Equity Funding Corp. of America Securities Litigation*, 416 F.Supp. 161, 176 (C.D. Cal. 1976)).

       1.   <u>These Parallel Cases Share Many Common Questions of Fact and Law</u>.

Without question, these parallel cases share *many* common questions of fact and law and, therefore, more than satisfy the threshold consolidation inquiry under Rule 42.

Here, the common questions of fact include, but are not limited to: (1) Whether Wells Fargo systematically discriminated against Class Members on account of their race; (2) Whether Black, or other racially protected status plaintiffs, home loan credit seekers' home mortgage and refinance applications were processed at a rate slower than that of the average processing time of applications made by non-Black (or non-protected status) home loan credit seekers; (3) Whether

Black, or other racially protected status plaintiffs, applicants for home mortgage and refinance applications, were denied when the score of a similarly situated non-Black (or non-protected status) applicant would be approved; (4) Whether Black (or other racially protected status) applicants' resulting refinance loans were made at higher interest rates as compared to similarly situated non-Black (or non-protected status) applicants; (5) Whether Wells Fargo selected disproportionately white areas for rapid refinancing evaluation and disproportionately Black, or other racially protected status, areas for increased scrutiny; and (6) whether Wells Fargo's underwriting algorithms and machine learning programs were racially biased and led to unfairly discriminatory credit policies that harmed Black, or other racially protected status, refinancing applicants.

Each Plaintiff in each parallel case will need to establish facts relating to these questions (or substantively similar questions) to prevail on their claims. Because there are several questions of fact common to these parallel cases, the Court can end its consolidation inquiry here and grant the motion to consolidate.

In addition to the common facts, the shared questions of law are many as well. Each of the parallel cases against Wells Fargo allege that the banking giant's discriminatory practices violate the ECOA, the FHA, and Section 1981, among other laws. *See Supra* I.A–F. In other words, each of the parallel case plaintiffs must establish that Wells Fargo's alleged conduct violated the same federal laws. Again, Rule 42's consolidate requirement is satisfied.

Although many common questions of fact and law dominate across these parallel cases, it may be that one of the six parallel plaintiffs—the Braxton Plaintiffs—claim that their class definition, which is different in scope, warrants this Court denying the motion for consolidation. This argument, if proffered, should be rejected.

First, as this Court is aware, differing class definitions do not preclude consolidation. *See, e.g., Amador.*, 2010 WL 3489038, at *1 ("Though the class definitions and claims somewhat differ, the numerous common legal questions presented warrant consolidation of the two cases."). Second, any such scope differences in class definition are contemplated by Rule 23 of the Federal Rules of Civil Procedure. In the event discovery establishes a factual basis for a district court to conclude a subclass is appropriate to address differences in class definition, the court may divide a class into subclasses. Fed. R. Civ. P. 23(c)(5); *see, e.g., Rodriguez v. Hayes*, 591 F.3d 1105, 1123 (9th Cir. 2010) (Ninth Circuit noting that "to the extent there may be concern . . . [about differences between class members, the court] . . . may counsel the formation of subclasses.").

Because the parallel cases share many common questions of fact and law, and thus satisfy the threshold determination under Rule 42, this Court should consolidate the parallel cases against Wells Fargo.

### 2.   Saving of Time and Effort Also Weigh In Favor of Consolidation

As previously mentioned, when assessing the properness of consolidation, a district court should also consider "the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Melgoza,* 2022 WL 1693706, at *2 (quotations and citations omitted).

Here, consolidation would save the Court, and the various parties, significant resources by preventing inefficient and duplicative discovery as well as inefficient motion practice, including class certification. As established above, the claims each Plaintiff makes arise from the same or similar set of factual and legal circumstances. *Supra* II.A.1. Accordingly, discovery relating to those issues will be parallel. *See, e.g., Brown v. Accellion, Inc.*, 2022 WL 767279, at *2–*3 (N.D. Cal. Mar. 14, 2022) (This Court noting that discovery issues will proceed in parallel fashion when the claims for each case arise from the same or similar set of circumstances).

Perkins Plaintiffs' Response In Support of the Wells Fargo Defendants' Motion to Consolidate

Lastly, consolidation will not cause inconvenience, delay, or expense. Notably, the parallel cases are at, essentially, the same pleading stage. No discovery has taken place in any of the six parallel cases. Instead of producing inconvenience, delay, or additional expense, "consolidating all the identified cases will allow the cases to proceed at the same pace, promote judicial economy by lessening the Court's burden of managing [the cases], and streamline the parties' discovery and briefing efforts … ." *Melgoza*, 2022 WL 1693706, at *1 (consolidating putative class actions that were "at a similar stage."). Simply put, each of these parallel cases are—fundamentally—about Wells Fargo's alleged racial discrimination in the home loan arena. Consolidating these parallel cases would save time and effort, and would not produce any inconvenience, delay, or expense.

**B.** **This Court Should Order Plaintiffs to File a Master Consolidated Pleading.**

A common approach in "consolidated [actions], including class actions, is to encourage use of a master pleading." *Imran v. Vital Pharms., Inc.*, 2019 WL 12340204, at *2 (N.D. Cal. Oct. 17, 2019) (quoting Manual for Complex Litigation § 21.15 (4th ed.)). District courts routinely order plaintiffs to file a master pleading following consolidation. *See, e.g., Huynh v. v. Quora, Inc.*, 2019 WL 11502874, at *1 (N.D. Cal. Apr. 11, 2019) (ordering plaintiffs to file a consolidated complaint). Here, Perkins Plaintiffs agree that this Court should order the filing of a master pleading.

## III. CONCLUSION

For the forgoing reasons, the Perkins Plaintiffs respectfully request that the Court consolidate this action with the other parallel cases for all purposes.

Dated:        August 26, 2022

Respectfully submitted,

By:    */s/Amanda M. Williams*
       Dan E. Gustafson (*Pro Hac Vice*)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Amanda M. Williams (*Pro Hac Vice*)
Dave A. Goodwin (*Pro Hac Vice*)
Abou B. Amara, Jr. (*Pro Hac Vice*)
**GUSTAFSON GLUEK, PLLC**
120 S. Sixth Street
Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
awilliams@gustafsongluek.com
dgoodwin@gustafsongluek.com
aamara@gustafsongluek.com

*/s/ Dennis J. Stewart*
Dennis J. Stewart,
**GUSTAFSON GLUEK, PLLC**
CA Bar No. 99152
600 B Street, Suite 1700
San Diego, CA 92024
Tel.: (612) 333-8844
Fax: (612) 339-6622
dstewart@gustafsongluek.com

*/s/ Vildan A. Teske*
Vildan Teske (*Pro Hac Vice* forthcoming)
**TESKE KATZ PLLP**
222 South Ninth Street, Suite 1600
Minneapolis, MN 55402
Telephone: (612) 746-1558
teske@teskekatz.com

*/s/ Scott D. Hirsch*
Scott Hirsch (*Pro Hac Vice*)
**SCOTT HIRSCH LAW GROUP, PLLC**
6810 N. State Road 7 Coconut Creek, FL
33073 Tel.: (561) 569-7062
scott@scotthirschlawgroup.com

**Attorneys for Plaintiffs Elretha Perkins
and Laronica Johnson.**

## <u>ATTORNEY ATTESTATION</u>

Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.


*/s/Amanda M. Williams*
Amanda M. Williams